## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,, | |
| Plaintiff, | Case No. 4:18-cv-766-ALM |
| v. | |
| PANASONIC CORPORATION OF NORTH AMERICA, | |
| Defendant. | |

## DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

## TABLE OF CONTENTS

**Page(s)**

I.       INTRODUCTION ........................................................................................ 1

II.      FACTUAL BACKGROUND ...................................................................... 3

III.     LEGAL STANDARDS ............................................................................... 4

         A.      Motions to Dismiss Under Rule 12(b)(6) ....................................... 4

         B.      Direct Patent Infringement ............................................................ 5

         C.      Indirect Patent Infringement - Active Inducement ......................... 6

         D.      Indirect Patent Infringement - Contributory Infringement ............ 6

IV.      ARGUMENT .............................................................................................. 6

         A.      The Complaint Fails To State A Plausible Claim Of Infringement
                 For Any Patent ............................................................................... 6

                 1.       The MIMO Patents ............................................................. 7

                 2.       The Network Patents ........................................................... 9

                 3.       The Dynamic Configuration Patents ................................. 12

         B.      The Complaint Fails To State A Plausible Claim Of Direct
                 Infringement  As To The MIMO '782 Patent ............................... 13

         C.      The Complaint Fails To State A Plausible Claim Of Direct
                 Infringement  As To The Network Patents ..................................... 14

         D.      The Complaint Fails To State A Plausible Claim Of Direct Patent
                 Infringement As To Claim 1 Of Both Dynamic Configuration
                 Patents ........................................................................................... 16

         E.      The Complaint Fails To State A Plausible Claim Of Indirect
                 Patent  Infringement For Any Patent .............................................. 18

                 1.       The Indirect Infringement Claims Should Be Dismissed
                          Entirely ............................................................................ 18

i

2.      At A Minimum, The Indirect Infringement Claims Should
Be Dismissed As To Pre-Suit Conduct ............................................. 21

F.      The Complaint Fails To State A Plausible Claim Of Willful
Infringement For Any Patent .......................................................... 22

V.      CONCLUSION .......................................................................................... 24

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015)................................................................ *passim*

*American Patents LLC v. Hisense Co., Ltd.*,
    Civ. No. 4:18-768 .............................................................................................20

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................... *passim*

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
    Civ. No. 2:13-750-JRG, 2014 WL 2115616 (E.D. Tex. May 15, 2014) ................................21

*Bell Atlantic Corporation* v. *Twombly*,
    550 U.S. 544 (2007)......................................................................1, 3, 4, 22

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012).......................................................................5, 6

*DSU Med. Corp. v. JMS Co., Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006).........................................................................6

*Ericsson, Inc. v. D-Link Systems, Inc.*,
    713 F.3d 1201 (Fed. Cir. 2014).......................................................................15

*Ericsson, Inc. v. D-Link Systems, Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014)....................................................................13, 17

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
    136 S. Ct. 1923 (2016)...........................................................................22, 23, 24

*Joy Techs., Inc. v. Flakt, Inc.*,
    6 F.3d 770 (Fed. Cir. 1993).........................................................................17

*Lifetime Indus. Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 .......................................................................................8

*Ormco Corp. v. Align Tech., Inc.*,
    463 F.3d 1299 (Fed. Cir. 2006)...................................................................13, 15, 17

*Tierra Intelectual Borinquen, Inc. v. ASUS Comp. Int'l Inc.*,
    No. 2:13-cv-44-JRG, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014).....................................22

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
    No. 6:12-cv-366 ......................................................................................................22

*Uniloc USA v. Avaya Inc.*,
    No. 6:15-cv-1168-JRG, 2016 WL 7042236 (E.D. Tex. May 13, 2016) ..................................10

*Varian Medical Systems, Inc. v. ElektaAB*,
    C.A.No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12,2016) ..........................................22

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009)....................................................................................5

**Statutes**

35 U.S.C. 271(c) ......................................................................................................20

35 U.S.C. § 271(a) ........................................................................................ *passim*

35 U.S.C. § 271(b) ......................................................................................................5

35 U.S.C. § 271(c) ................................................................................................6, 20

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ..............................................................................................4

Fed. R. Civ. P. Rule 12(b)(6) ....................................................................................1

Rule 8 ......................................................................................................................4

Rule 12(b)(6) ............................................................................................................4

## I.     <u>INTRODUCTION</u>

Panasonic respectfully moves this Court to dismiss with prejudice the Original Complaint for Patent Infringement brought by plaintiff American Patents LLC for failure to state a claim pursuant to Fed. R. Civ. P. Rule 12(b)(6).  Contrary to the pleading standards required by the Supreme Court in *Bell Atlantic Corporation* v. *Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 687 (2009), the majority of plaintiff's allegations of infringement throughout the complaint are sweepingly conclusory and do not put Panasonic on notice of its claims.  Where factual allegations are included, they do not plausibly establish a right to relief under the law.  For example, American Patents purported support for direct infringement for one of the asserted families of patents identifies only software made and sold by third party Google that is not part of any Panasonic accused product.  When applied to this complaint, the Supreme Court's pleading standards mandate dismissal.

As of the filing of this motion, American Patents, a non-practicing entity, has brought eleven complaints against makers and/or sellers of mobile phones, laptop PCs, tablets, and televisions. American Patents alleges that the defendants infringe patents from four families of patents. The complaints, including the complaint here against Panasonic Corporation of North American ("Panasonic"), are a mix-and-match jumble of boilerplate infringement allegations, with the allegations related to each patent family largely copied verbatim from one complaint to the next.

American Patents' complaint against Panasonic, which purports to assert infringement of seven patents across three families of patents, fails to meet the *Twombly/Iqbal* pleading standards in four ways. First, as to all of the seven asserted patents, the complaint fails to allege sufficient facts that, if accepted as true, would make out a plausible claim for patent infringement. The complaint's threadbare recitals of the elements of the patent claims without factual allegations as

to how or where those elements are found in the accused Panasonic products are conclusory and thus not entitled to the presumption of truth.  The few individualized references to the accused products fail to convey in any way, let alone a plausible one, how the accused products are believed to infringement claims.

Second, as to the Network Patents,[1] the complaint fails to state a plausible claim of direct infringement under Section 271(a) because the mere sale of a device cannot, as a matter of law, directly infringe a claim to a *method* of using that device.  The direct infringement allegations as to the Network Patents also fail for a second and independent reason. The accused Toughbook family of products, as sold by Panasonic, do not include the features relied upon in the complaint for its claims of infringement: the Google Home application and the separate Google Chromecast device. Panasonic and its users are not in a joint enterprise, nor does Panasonic direct or control any of its users' independent, post-purchase decisions to download, purchase and use the Google features and products depicted in the complaint, and the complaint is devoid of any such allegations. Therefore, for these two reasons, the complaint fails to plausibly allege that the accused devices directly infringe the Network Patents.

Third, the complaint fails to state a plausible claim for relief with regard to active inducement and contributory infringement for any of the seven asserted patent. The complaint's allegations of indirect infringement are the epitome of boilerplate, with identical generic allegations made for all asserted patents at once and repeated from complaint to complaint. Dkt. No. 1 (Complaint), ¶¶103-105.  These conclusory statements applied to seven separate patents do not suffice under *Iqbal/Twombly* and should be dismissed.

---

[1] U.S. Patent Nos. 7,373,655 and 7,934,090, which are entitled "System For Securing Inbound and Outbound Data Packet Flow In a Computer Network" are referred to as The Network Patents.

Finally, the complaint's allegations of willful infringement, which amount to a single sentence, are both implausible and unsupported. First, American Patents fails to plead that Panasonic had pre-suit notice for any of the seven asserted patents.  Second, American Patents accuses Panasonic of having a policy of blinding itself to others' patent rights, but it has absolutely nothing to support that scurrilous claim—which, tellingly, it makes verbatim against each of the defendants in the eleven cases it brought in this district. Far-fetched and unsupported claims like these are precisely the sort of claims that *Iqbal* and *Twombly* were designed to bar.

For these reasons, Panasonic respectfully requests that the Court dismiss the complaint with prejudice for failure to state a claim.

## II.  FACTUAL BACKGROUND

American Patents is a Texas limited liability company allegedly based in Tyler, Texas. Dkt. No. 1 (Complaint), ¶ 1. The defendants in the eleven complaints brought by American Patents in this district are electronics companies who manufacture and/or sell cell phones, tablets, laptops, and televisions. American Patents' suits against defendants assert various combinations of four patent families: the MIMO patents,[2] which claim methods of synchronizing data transmission in a communication network, the Network patents, which claim ways of authenticating requests for shared network resources in a computer network, the Dynamic Configuration patents,[3] which relate to dynamic virtual keyboard displays, and the a fourth set of

---

[2] U.S. Patent Nos. 7,088,782, 7,310,304 and 7,706,458, which are entitled "Time and Frequency Synchronization in Multi-Input Multi-Output Systems" are referred to as the MIMO Patents.

[3] U.S. Patent Nos. 6,004,049 and 6,301,626, which are entitled "Method and Apparatus For Dynamic Configuration of an Input Device" are referred to as the Dynamic Configuration Patents.

patents not at issue here,[4] which relate to motion sensing and user input. The Network Patents are asserted in all eleven suits, the MIMO Patents are asserted in nine suits, the Dynamic Configuration patents are asserted in eight suits, and the Wells patents are asserted in two suits.

The complaint in this case was filed on October 26, 2018. American Patents alleges direct, induced, contributory, and willful infringement by Panasonic of seven patents across three patent families, the MIMO, Network, and Dynamic Configuration Patent families, by selling certain models of its Toughbook family of handheld computing devices. According to the complaint, certain models of its Toughbook family of products allegedly infringe the MIMO Patents by "including] 802.1l ac and/or LTE capabilities." *Id*. ¶¶ 12, 26, 38. Certain Toughbook models allegedly infringe the Network patents by "allow[ing] for initiation and/or control of Internet streamed content." *Id*. ¶¶ 50, 62. Certain Toughbook models are also alleged to infringe the Dynamic Configuration Patents by "includ[ing] advanced keyboard layouts including . . . predictive text and other advanced keyboard layout abilities." *Id*, ¶¶ 73, 89.

## III.   LEGAL STANDARDS

### A.   Motions to Dismiss Under Rule 12(b)(6)

Under the Federal pleading rules, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 566 U.S. at 667.  To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "more than labels and conclusions, and a formulaic recitation

---

[4] U.S. Patent Nos. 8,668,584, 9,116,543 and 9,606,674, which list William R. Wells as the inventor.  These patents, which are not asserted against Panasonic, are referred to as the Wells Patents.

of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 687.  Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The *Twobly/Iqbal* threshold pleading standard applies to claims of direct infringement, indirect infringement, and willful infringement.  *See*, *e.g.*, *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

Based on the Supreme Court's guidance, in assessing the sufficiency of a pleading, conclusory allegations should be identified and then ignored.  Next, the remaining allegations must be examined to determine whether they make out a plausible claim for relief.  "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

### B.     Direct Patent Infringement

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention . . . infringes the patent." 35 U.S.C. § 271(a). For a patented method, proof of direct infringement under § 271(a) requires that the defendant perform every step of the method. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). "Where more than one actor is involved in practicing the steps, a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Id*. The conditions for such vicarious liability are limited to "two sets of circumstances: (1) where [the defendant] directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id*.

### C.     Indirect Patent Infringement - Active Inducement

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability for inducement "requires a showing that the alleged inducer [1] knew of the patent, [2] knowingly induced the infringing acts, and [3] possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *see also Global-Tech Appliances, Inc. v. SEE S.A.*, 563 U.S. 754 (2011). "[M]ere knowledge of possible infringement" is insufficient to prove active inducement of the infringement. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).

### D.     Indirect Patent Infringement - Contributory Infringement

"Whoever offers to sell or sells ... a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process," is liable for contributory infringement if (1) the product "constitute[es] a material part of the invention," (2) the infringer "know[s] the same to be especially made or especially adapted for use in an infringement of such patent," and (3) the product is "not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).

## IV.    <u>ARGUMENT</u>

### A.     The Complaint Fails To State A Plausible Claim Of Infringement
       For Any Patent

American Patents' claims of infringement should be dismissed because the allegations in the complaint fail to articulate a plausible theory, or indeed any theory at all, of how the accused

features allegedly satisfy the elements of any of the asserted claims or make out a legally cognizable claim of patent infringement.

### 1.    The MIMO Patents

The claims of infringement pertaining to the MIMO Patents should be dismissed for want of any tangible theory of how the accused products or features allegedly infringe any of the MIMO patents' claims.

The MIMO patents are directed towards a method for synchronizing a Multi-Input Multi-Output (MIMO) Orthogonal Frequency Division Multiplexing (OFDM) system in time and frequency domains, an apparatus for using that method, and an OFDM transmitter. *See generally* U.S. Patent No. 7,088,782 ("the '782 Patent") at 22:32-34, U.S. Patent No. 7,706,458 ("the '458 Patent") at 18:49-50, U.S. Patent No. 7,310,304 ("the '304 Patent") at 18:2-3.

The complaint is deficient for lack of any factual allegations explaining how the elements of the claimed methods or the elements of the claimed apparatus map onto the processes and features of the accused products. Rather, for all three patents, the complaint parrots the elements of the asserted patent claims and makes conclusory statements such as "[t]he methods practiced by the accused products include . . . or that "[t]he accused produces include . . ." and fills in the ellipses with copy and pasted elements of the asserted claims. *See*, *e.g.*, Dkt. No. 1, ¶¶ 15-20, 29-32, 41-44.

Furthermore, the complaint does not bother to identify which aspects of the accused devices correspond to the allegations in the complaint. For example, for the '304 Patent, the complaint alleges "[t]he accused products include an encoder configured to process data to be transmitted within an OFDM system, the encoder further configured to separate the data onto one or more transmit diversity branches (TDBs)." *Id*. ¶ 29. This merely a word for word recitation of Claim 1 of the '304 patent. *Compare Id*. ¶ 29 with the '304 Patent at 18:4-7.

Moreover, the complaint does not apprise Panasonic of what encoder is configured or what sort of process data is to be transmitted or how the encoder is configured. Similarly, for the '782 patent, the allegation is that the accused products practice methods including "producing a frame of data comprising a training symbol that includes a synchronization component that aids in synchronization, a plurality of data symbols, and a plurality of cyclic prefixes," exactly tracking Claim 30 of the '782 patent. Compare *Id*., ¶ 15 with the '782 Patent at 22:36-39. Again, the complaint neglects to inform Panasonic what constitutes "producing a frame of data" or what "synchronization component" is "aid[ing] in synchronization." The other elements of the asserted claims are treated similarly - with mechanical copy and pasting and no attempt at offering sufficient facts to make out a plausible claim of relief. There is simply no way for Panasonic to understand the plaintiff's infringement theory with no specific factual allegations or support for those conclusory allegations.  *See Lifetime Indus. Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Complaint must "place the alleged infringer on notice of what activity is being accused of infringement.")

The screenshots in the complaint are provided with no context, explanation and are barely referenced to, if at all, by the text of the complaint. Ultimately, the screenshots do not provide sufficient factual support to remedy the deficient allegations. For example, the screenshots do not inform Panasonic, for the examples above, what constitutes "producing a frame of data" or what "synchronization component" is "aiding in synchronization" or what encoder is configured or what sort of process data is to be transmitted or how the encoder is configured. The screenshots are not even referenced in the text of the complaint and fail to add sufficient support to save the allegations. Panasonic is again left to guess not only of the plaintiff's infringement theory but also at how the screenshots are related to the complaint.

In sum, the complaint fails to articulate a coherent theory of how the accused devices meet the elements of the patent claims and thus cannot constitute a plausible claim of patent infringement. The allegations offer ""[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . ." and as such, the complaint's allegations regarding the MIMO patents should be dismissed. *Iqbal*, 556 U.S. at 687.

### 2.      The Network Patents

The Network patents are directed to a method of authenticating a computer's request for access to other computing resources in a network. In the claimed method, the computer wishing to access a network resource "assume[s] the identity" of another "network node" or "network element" that is "pre-authorized to access" the desired network resource, rather than having its request authenticated and authorized by the desired network resource. *See* generally U.S. Patent No. 7,373,655 at 5:30-6:10; U.S. Patent No. 7,934,090 at 4:59-5:8.

The complaint appears to allege that the claimed method is practiced when a Panasonic device is used in conjunction with a Google Chromecast device, but the complaint is devoid of any factual allegations explaining how each element of the claimed methods maps onto that process. For both of the asserted Network patents, the complaint simply recites elements of the asserted claims and states that "[t]he methods practiced by the accused products include" each element. Dkt. No. 1, ¶¶ 53-56, 65-67. For example, the complaint alleges that "[t]he methods practiced by the accused products include arranging *a network element* in a network, the network element being pre-authorized to access a set of *network resources*," parroting the language of the claim. *Compare Id*. ¶ 53 with the '655 Patent at 5:31-33. Beyond simply reciting the claim language, the complaint makes no attempt to match its component pieces to elements of the accused products. For example, the complaint does not even identify what device is alleged to correspond to the "*network element*".

From the allegations in the complaint, one cannot determine whether it is the accused Panasonic device, a Google Chromecast, or something else that is performing each step in the asserted method claim. Similarly, the complaint fails to identify what aspects of the accused devices correspond to the claimed "network resources" that the network element is preauthorized to access. The remaining elements of the asserted claims receive similar treatment in the complaint.

The only allegations in the complaint that do not simply parrot back the language of the asserted claims are a pair of screenshots from Google websites describing Google's Chromecast product and how to use it with devices running the Android operating system. But these screenshots do not add sufficient factual matter to make out a plausible claim for relief. Even if what is depicted in the screenshots is assumed to be true, the complaint does not identify (1) how these images relate to the accused devices, (2) what claim elements are alleged to be depicted in the screenshots, which are allegedly performed by the accused devices as opposed to the Google Chromecast device (a separate device that is not part of the accused devices), or (3) otherwise how information in the screenshots allegedly corresponds to the various elements of the claimed methods. Simply put, with no explanation or information provided in the complaint, it is impossible to tell how American Patents alleges that the various steps of the method claims are performed by the accused Panasonic products.

Plaintiff's allegations here are devoid of the specifics that make a well-pleaded Complaint.  For example, in *Uniloc USA v. Avaya Inc.*, No. 6:15-cv-1168-JRG, 2016 WL 7042236, *4 (E.D. Tex. May 13, 2016), the court found factual allegations sufficient where the plaintiff "described the accused functionality within [the accused] products and provided descriptive illustrations of these products and the accused functionality." By contrast, American

Patents' complaint in this case is silent or at best obtuse as to what functionality in the Panasonic products is alleged to infringe.

This case is not like *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018), in which the Federal Circuit found it sufficient for the plaintiff's complaint to allege generally that the defendant's products met each and every element of the claims. There, the case "involve[d] a simple technology," an inflatable spinal brace. *Id*. at 1257-58, 1260. The language of the claims was directed to visible, physical components of the accused device. *See id*. at 1257-58. Thus, the court concluded that it was enough to list the patents, identify the accused devices and "attach]] photos of the product packaging as exhibit," as that was "enough to provide [the defendant] fair notice of infringement." *Id*. at 1260.

By contrast, here the claims are directed to a method of authenticating requests for shared network resources in a computer network. Unlike *Disc Disease*, where a photo was sufficient because the claims were directed to visually identifiable components, the claimed elements here— "network element," "network resources," etc.—cannot be seen or otherwise readily identified simply by knowing what product is accused. Therefore, the allegations in American Patents' complaint fail to give "fair notice of infringement." *Id*.

In sum, American Patents' boilerplate allegations are insufficient to make out a plausible claim of patent infringement. The complaint simply states that the accused products contain each element of the claims with no factual support for those conclusions. Because such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief, the complaint's allegations regarding the Network patents should be dismissed. *Iqbal*, 556 U.S. at 687.

### 3. The Dynamic Configuration Patents

American Patents' claims of infringement related to the Dynamic Configuration patents should also be dismissed because the allegations fail to articulate a plausible theory as to of how the accused products allegedly infringe any of the Dynamic Configuration patents' claims.

The Dynamic Configuration patents relate to a method of configuring an input device such as a keyboard. The method involves, among other things, selecting a layout for the input device, determining whether the input layout is currently displayed, retrieving the layout from another location if necessary, and displaying the layout on "display elements corresponding to the input device layout." *See generally* U.S. Patent No. 6,004,049 at 8:31-43 (claim 1), 9:12-25 (claim 10); U.S. Patent No. 6,301,626 at 8:41-54 (claim 1), 9:21-33 (claim 8).

The complaint's allegations regarding the Dynamic Configuration patents primarily consist of boilerplate statements alleging that the claimed methods are "performed by the accused products" and that "the accused products" themselves include each element of the patented claims. *E.g.*, Dkt. No. 1, ¶76 ("The methods performed by the accused products include selecting an input device layout."), 95 ("The accused products include means for identifying an input device layout."). The complaint makes no attempt to provide specific factual allegations or support for those conclusory statements. The '049 patent, for example, includes a step of "determining a location of the selected input device layout when it is determined that the selected input device layout is not displayed." '049 Patent at 8:38-40. But the complaint identifies neither what "input device layout" is "not displayed," nor what allegedly constitutes "determining [the] location" of the input device layout that is not displayed. Similarly, the '626 patent includes an additional requirement of "downloading the identified input device layout over the network from a server having a plurality of input device layouts." '626 Patent at 8:50-52. However, nowhere does the complaint identify what input device layouts the accused devices allegedly download, or

from whose server they are downloaded. Again, Panasonic is simply left to guess as to plaintiff's infringement theory.

The screenshots included in the complaint add no substance or support to the conclusory allegations contained in the boilerplate text.  *See*, *e.g.*, Dkt. No. 1, ¶¶  73, 76, 80, 82, 83.  The screenshots are presented entirely without explanation, with nothing to link any features or objects depicted in the screenshots to the elements of the patents' claims. Absent explanation, the screenshots do not seem to remedy any of the deficiencies noted above: which "input device layout" is "not displayed," what constitutes "determining [the] location" of the input device layout, what input device layouts are allegedly being downloaded, and from what "network" and server" the input device layouts are allegedly downloaded. The screenshots thus do not add sufficient factual matter to save the claims from dismissal.

In sum, the complaint wholly fails to articulate a theory of how the accused devices meet the elements of the patent claims. American Patents' claims of infringement of the Dynamic Configuration patents should be dismissed for failure to state a claim.

### B.    The Complaint Fails To State A Plausible Claim Of Direct Infringement As To The MIMO '782 Patent

In addition to the reasons stated above, the claims of direct infringement under 35 U.S.C. § 271(a) for the '782 MIMO Patent should also be dismissed because, as a matter of law, sales of a device do not infringe a patented *method* of using a device.

The complaint alleges that Panasonic has directly infringed "at least Claim 30 of the '782 Patent" and has done so by "making, having made, using, importing, providing, supplying, distributing, selling or offering for sale *systems utilizing a method*." Dkt. No. 1, ¶¶ 13, 14 (emphasis added). Claim 30 is directed to a method containing several steps such as "producing a

frame of data," "transmitting the frame over a channel," and "synchronizing the received demodulated frame to the transmitted frame." '782 Patent at 22:36, 22:40, 22:43.

This theory fails as a matter of law. The sales of the devices again do not infringe the claims because the "[m]ethod claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006); *see also Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1220-1222 (Fed. Cir. 2014). The complaint alleges that Panasonic has infringed the '782 patent by selling devices that use a patented method but as a matter of law selling such a device does not constitute infringement of a method claim. Nowhere in the complaint does it allege that Panasonic itself performed the patented methods with the accused products. Nor does it allege circumstances where Panasonic would be vicariously liable for the purchasers of the accused products performing the steps of the patent methods. *Cf. Akamai*, 797 F.3d at 1022 (prescribing vicarious liability "(1) where [the defendant] directs or controls others' performance, and (2) where the actors form a joint enterprise").

The complaint simply asserts that Panasonic has infringed the patented method by selling devices capable of performing the method, but as a matter of law, Panasonic cannot have infringed.

### C.     The Complaint Fails To State A Plausible Claim Of Direct Infringement As To The Network Patents

Although the infringement claims relating to the Network patents should be dismissed for the reasons detailed above, the claims of direct infringement under 35 U.S.C. § 271(a) should also be dismissed because, as a matter of law, sales of a device do not infringe a patented method of using the device.

The complaint alleges that Panasonic has infringed "at least Claim 5 of the '655 Patent" and "at least Claim 1 of the '090 Patent." Dkt. No. 1, ¶¶ 51, 63. Each of these claims is directed to a method containing several steps, such as "receiving, at the network element, a request from a user to connect to the network element" and "accessing, by the user, one of the set of network resources that the network element is pre-authorized to access." '655 Patent at 6:1-2, 6:7-8. The complaint alleges that Panasonic has infringed these claims "by making, having made, using, importing, providing, supplying, distributing, selling or offering for sale *systems utilizing a method*," namely Panasonic's Toughbook family of products. Dkt. No. 1, ¶¶ 52, 64 (emphasis added).

This theory fails as a matter of law. Even if the use of Panasonic's devices could in some circumstances infringe the Network patents' method claims, Panasonic's sales of the device do not infringe the claims because "[m]ethod claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006); *see also Ericsson, Inc. v. D-Link Systems, Inc.*, 713 F.3d 1201, 1220-1222 (Fed. Cir. 2014).

That principle of law bars direct infringement liability for Panasonic's sales of the accused devices. The complaint does not allege that Panasonic itself performs the patented methods using the accused products. Nor does the complaint allege that purchasers of the accused products perform the steps of the patented methods in circumstances giving rise to vicarious liability for Panasonic. *Cf. Akamai*, 797 F.3d at 1022 (prescribing vicarious liability "(1) where [the defendant] directs or controls others' performance, and (2) where the actors form a joint enterprise"). The complaint simply asserts that Panasonic has infringed the patented

method by selling devices capable of performing the method, but as a matter of law, that cannot be.

The allegations of direct infringement of the Network Patents also fail for another independent reason: Panasonic does not sell devices possessing the features depicted in the complaint. The screenshots in paragraphs 54 and 55 of the complaint depict instructions for using the Google Home application with a Google Chromecast device. *See* Dkt. No. 1, ¶¶ 54, 55. The complaint does not allege that Panasonic includes the Google Home application with the accused devices as sold, nor does it allege that Panasonic sells the Google Chromecast device alongside the accused devices. Indeed, American Patents cannot make any such allegation, as Panasonic does not do either of those things. If a user wishes to use the Google Home application on a Panasonic device, he or she must download and install the application after purchasing the device from Panasonic. Similarly, if a user wants to use his or her Panasonic device with a Google Chromecast device, he or she must purchase a Chromecast separately from Google or another retailer. The devices sold by Panasonic are not capable of performing the functions depicted in the complaint without modification by the user. And even if there are some Panasonic users who choose to install the Google Home application, purchase a Google Chromecast, and use their Panasonic device in conjunction with their Chromecast, the complaint alleges no basis for those actions to be attributed to Panasonic. *Cf. Akamai*, 797 F.3d at 1022. For this independent, additional reason, American Patents' claims of direct infringement of the Network patents should be dismissed.

    **D.**    **The Complaint Fails To State A Plausible Claim Of Direct Patent Infringement As To Claim 1 Of Both Dynamic Configuration Patents**

As with the MIMO and Network Patents, the claims of direct infringement under 35 U.S.C. § 271(a) for Claim 1 of the '049 Dynamic Configuration Patent and the '626 Dynamic

Configuration Patent should be dismissed as a matter of law because sales of a device do not infringe a patented method of using a device.

The complaint alleges that Panasonic has directly infringed "at least Claims 1 and 10 of the ' 049 Patent" and "at least Claims 1 and 8 of the '626 Patent." Dkt. No. 1, ¶¶ 74, 90 (emphasis added).

These claims are methods comprising several steps such as "selecting an input device layout," "determining whether the selected input device layout is displayed," and "retrieving the input device layout from a network." '049 Patent at 8:35-37, '626 Patent at 8:45-46. The complaint alleges that Panasonic has infringed the two patents by "making, having made, using, importing, providing, supplying, distributing, selling or offering for sale systems utilizing a method . . . pointing to Panasonic's Toughbook family of products. Dkt. No. 1, ¶¶ 75, 91 (emphasis added).

This theory of infringement cannot stand as a matter of law. Sales of these devices cannot infringe the method claims because the "[m]ethod claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use." *Ormco Corp, v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006); *see also Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1220-1222 (Fed. Cir. 2014). The complaint alleges that Panasonic has infringed the '049 and '626 Patents by selling devices that use a patented method but as a matter of law, selling such a device does not constitute infringement of a method claim. Again, nowhere does the complaint allege that Panasonic itself performed the patented methods with the accused products nor does it allege circumstances where Panasonic would be vicariously liable for the purchasers of the accused products performing the steps of the patent methods. *Cf. Akamai*, 797 F.3d at 1022 (prescribing vicarious liability "(1) where [the defendant]

directs or controls others' performance, and (2) where the actors form a joint enterprise"). The complaint simply asserts that Panasonic has infringed the patented method by selling devices capable of performing the method, but as a matter of law, Panasonic cannot have infringed.

### E. The Complaint Fails To State A Plausible Claim Of Indirect Patent Infringement For Any Patent

#### 1. The Indirect Infringement Claims Should Be Dismissed Entirely

Because Plaintiff's direct infringement allegations are not sufficiently pled, the predicate for any of its indirect infringement claims is missing.  As a result, the indirect infringement claims can be dismissed with no further analysis.  *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993).

However, separate and apart from the flaws with direct infringement allegations, the indirect infringement allegations should be dismissed for failure to state a claim for a separate reason, because they are themselves flawed. As to those claims, the complaint contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 687.

The complaint's allegations of indirect infringement are even more generic than its allegations regarding direct infringement of the asserted patents. All of the allegations regarding induced infringement for all of the asserted patents are contained in two paragraphs. The first alleges that Panasonic has induced "the end-users, Panasonic's customers" to directly infringe the asserted patents "by using the accused products" because Panasonic "took active steps . . . with the specific intent to cause [its users] to use the accused products in a manner that infringes one or more claims of the patents-in-suit." Dkt. No. 1, ¶ 103. According to the complaint, "[s]uch steps by Panasonic included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the

accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner." *Id.*

This first paragraph clearly fails to meet the requisite pleading standards. In attempting to state a claim for active inducement, the paragraph generically recites factors that could lead to a finding of inducement—"advising or directing customers," "advertising and promoting," etc.—with respect to all of the asserted patents (which claim very different features), without providing any support for the conclusory statements, such as by identifying specific examples or actions taken by Panasonic to advertise, direct or instruct users to use the accused products in an allegedly infringing fashion. *See id. American Patents* conclusory statements are even made in the alternative, so that it is impossible to know which, if any, of the factors apply to Panasonic. *See id.* ("steps by Panasonic included ... advising or directing customers and end-users ... advertising and promoting the use... *and/or* distributing instructions.") (*emphasis added*). The very same statements could be made about any claim of active inducement in any case.

The second paragraph of allegations regarding active inducement fares no better. That paragraph alleges that Panasonic has induced "its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf... by importing, selling or offering to sell the accused products." Like the first paragraph, the remainder of the second paragraph recites conclusory allegations of factors that may establish inducement liability, but the allegations are generic to all asserted patents. Dkt. No. 1, ¶ 104.

Neither paragraph regarding active inducement ties any specific activities undertaken by Panasonic to third-party uses of the accused devices that allegedly infringe the patents. Nor are there allegations found elsewhere in the complaint, such as the complaint's allegations regarding direct infringement, that provide the requisite detail to render American Patent's indirect

infringement allegations plausible. For example, with regard to alleged direct infringement of the Network patents, the complaint includes two screenshots depicting instructions for using the Google Home application to set up a Google Chromecast device and a general advertisement for the features of Chromecast. Dkt. No. 1, ¶¶ 54, 55. Even if these screenshots advertise or instruct users on infringing conduct, they are taken from Google websites, not from Panasonic's website or other materials. Google's website materials are not statements of, nor actions by Panasonic to advertise or instruct users. These screenshots cannot support a claim that Panasonic has actively induced infringement of the patents.

The contributory infringement allegations, contained in a single paragraph, are similarly conclusory. The complaint contains no specific factual allegations for the asserted patents other than reciting the accused features and parroting the legal standard, without more, that they "constitute a material part of the invention of one or more of the [asserted] claims ... and are not staple articles of commerce suitable for substantial non-infringing use."[5] *Id.* ¶ 105. The accused features themselves are defined in generic, circular terms—for example, as to the Network Patents, "initiation and/or control of Internet streamed content... in a manner that infringes" the asserted patents. *Id.* 105; *see also id.* (defining the "special features" for the Dynamic Configuration Patents as "advanced keyboard layout capabilities in a manner that infringes" the

---

[5] While the complaint alleges that the "special features" constitute a material part of the invention and are not staple articles of commerce, this not legal relevant to the infringement inquiry. The question is not whether the *special features* meet those requirements but whether the accused devices as a whole meet those requirements. Section 271(c) prohibits sales of "a *component of* a patented machine, manufacture, combination or composition, or a *material or apparatus* for use in practicing a patented process." 35 U.S.C. 271(c). Because Panasonic sells the accused products as complete devices, rather than selling the accused features individually, the question for Panasonic's potential liability is whether the entire device it sells "constitutes] a material part of the invention" and is "not a staple article or commodity of commerce suitable for substantial noninfringing use." *Id.*

accused patents). Defining the allegedly infringing component as "features that infringe" does not give fair notice of what the allegedly infringing component is.

The generic nature of American Patents' indirect infringement allegations (both induced and contributory infringement) is further demonstrated by the fact that they are copied verbatim across each of the eleven complaints American Patents filed with the Court. The only differences among the complaints are that the defendants' names and the asserted patent numbers have been changed and that in one of the complaints, *American Patents LLC v. Hisense Co., Ltd.*, Civ. No. 4:18-768, the indirect infringement allegations are stated twice (inadvertently, it seems) for three of the asserted patents.

In sum, given that the complaint contains only "[t]hreadbare recitals" regarding active inducement and contributory infringement with no factual matter to support it, the indirect infringement allegations should be dismissed for failure to state a claim.

### 2.      At A Minimum, The Indirect Infringement Claims Should Be Dismissed As To Pre-Suit Conduct

Although the complaint's allegations of indirect infringement should be dismissed in their entirety for the reasons discussed above, they should also be dismissed as to conduct occurring prior to the filing of the complaint for the additional reason that the complaint fails to allege that Panasonic had knowledge of the asserted patents prior to the filing of the complaint.

Both active inducement and contributory infringement require that the defendant have knowledge of the asserted patent, so a complaint must contain sufficient factual allegations to permit an inference that the defendant had such knowledge. *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, Civ. No. 2:13-750-JRG, 2014 WL 2115616 (E.D. Tex. May 15, 2014), at *2. The complaint here does not allege any facts that Panasonic had knowledge of any of the patents prior to the filing of this suit. To the contrary, the complaint alleges that Panasonic has

had knowledge "at least as of the date when it was notified of the filing of this action." *See* Dkt. No. 1, ¶¶ 21, 33, 45, 57, 68, 84, 100. Thus, the complaint includes no allegations to support a claim of indirect infringement prior to the filing of this suit.

To the extent that American Patents seeks to rely on a theory of willful blindness, its allegations simply are not plausible. The complaint alleges that Panasonic "has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights." *Id.* ¶ 106. But American Patents offers no evidence or factual basis for that allegation—not a policy, a memo, an email, or even a rumor—and, tellingly, American Patents makes identical accusations against each of the other defendants in the ten other complaints. American Patents' imagined conspiracy of willful blindness is precisely the type of implausible, unsupported allegation that the Supreme Court rejected in *Twombly* and *Iqbal*.

Because, there are no allegations that Panasonic had pre-suit knowledge of any of the patents-in-suit, Panasonic cannot be liable for indirect infringement based on conduct that occurred before its knowledge of the patents-in-suit.  *See Tierra Intelectual Borinquen, Inc. v. ASUS Comp. Int'l Inc.*, No. 2:13-cv-44-JRG, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014).  Accordingly, allegations of pre-suit indirect infringement are not plausible and should be dismissed.

### F.     The Complaint Fails To State A Plausible Claim Of Willful Infringement For Any Patent

American Patents' claim of willful infringement should be dismissed because Plaintiff has not pled facts that would allow for any inference – let alone a plausible one – that Panasonic engaged in egregious conduct. Enhanced damages for willful infringement are "generally reserved for egregious cases of culpable behavior . . . beyond typical infringement" such as

behavior that is "willful, wanton, malicious, bad faith, deliberate, consciously wrong, flagrant or – indeed – characteristic of a pirate." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1932 (2016). As a result, willful infringement must be specifically supported and pleaded with more than mere conclusory statements.  *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366 MHS-JDL, 2013 WL 8482270, at *3 (E.D. Tex. Mar. 6, 2013).  For this reason, general and formulaic assertions of willful infringement are insufficient at the pleading stage. *See*, *e.g.*, *Varian Medical Systems, Inc. v. ElektaAB*, C.A.No. 15-871-LPS, 2016 WL 3748772, at *8 (D. Del. July 12,2016).

The complaint alleges that Panasonic's infringement "is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents." Dkt. No. 1, ¶108. But the complaint pleads no factual matter to support this conclusory statement. While "subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages," *Halo*, 136 S. Ct. 1932-33, the complaint does not allege any facts that Panasonic had knowledge of any of the patents prior to the filing of this suit, as noted above. *See supra* Part V.B. Without any allegations that Panasonic had knowledge of the asserted patents prior to the current suit, American Patents' allegation that Panasonic's infringement "has been ... willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents" is not plausible.

Only two other allegations in the complaint appear to relate to willful infringement. The first is the conclusory allegation that "Panasonic's actions are at least objectively reckless as to the risk of infringing valid patents and this objective risk was either known or should have been known by Panasonic." Dkt. No. 1, ¶107. No specific "objectively reckless" actions, however, are

alleged in the complaint. Such conclusory assertions are not entitled to the presumption of truth at the pleading stage. *Iqbal*, 556 U.S. at 681.

The second allegation that appears to relate to willfulness is the allegation that Panasonic "has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights." Dkt. No. 1, ¶¶106. As explained above in Part V.B, this allegation is unsupported and implausible. It cannot support a claim depending on Panasonic's having knowledge of the patents prior to suit. Accordingly, the willful infringement claims should be dismissed for failure to state a claim.  Even if true, Plaintiff's bald assertion – pled without any supporting facts – is insufficient to establish that Panasonic harbored the culpable intent required to be liable of willful infringement.

In sum, the absence of any allegation of pre-suit knowledge coupled with Plaintiff's failure to even allege (much less support) that Panasonic's conduct was "willful, wanton, malicious, bad faith, deliberate, consciously wrong, flagrant or – indeed – characteristic of a pirate" compels dismissal of Plaintiff's willful infringement allegation.  *Halo*, 136 S. Ct. at 1932.

## V.  CONCLUSION

For the foregoing reasons, Panasonic respectfully requests that the motion be granted.

DATED:  January 14, 2019

Respectfully submitted,

WIGGIN AND DANA LLP

By: *Joseph M. Casino by Trey Yarbrough*
     *w/permission*
Joseph M. Casino
Michael J. Kasdan
437 Madison Avenue
35th Floor
New York, NY 10022
212.551.2600

Trey Yarbrough
Bar No. 22133500
Dallas W. Tharpe
Bar No. 24052036
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, TX 75702
(903) 595-3111
Fax:  (903) 595-0191
trey@yw-lawfirm.com
dallas@yw-lawfirm.com

Attorneys for Defendant
PANASONIC CORPORATION OF
NORTH AMERICA


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 14, 2019. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

*/s/ Trey Yarbrough*
Trey Yarbrough