# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PANASONIC CORPORATION OF NORTH AMERICA,<br><br>    Defendant. | CIVIL ACTION NO. 4:18-cv-766-ALM<br><br>**JURY TRIAL DEMANDED** |

## AMERICAN PATENTS' OPPOSITION TO PANASONIC'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................... 1

II.    LEGAL STANDARD FOR MOTIONS TO DISMISS UNDER RULE 12(b)(6) .................. 2

III.   AMERICAN PATENTS SUFFICIENTLY PLEADED DIRECT INFRINGEMENT ........... 3

    A.     The Direct Infringement Allegations Meet the Pleading Requirements ......................... 3

    B.     Panasonic's Additional Arguments Regarding Direct Infringement Are Unpersuasive .. 7

IV.    AMERICAN PATENTS SUFFICIENTLY PLEADED INDIRECT INFRINGEMENT ....... 8

V.     AMERICAN PATENTS SUFFICIENTLY PLEADED WILLFULNESS ............................ 13

    A.     American Patents Plausibly Alleged That Panasonic Intentionally Infringed ............... 14

    B.     Pre-Suit Knowledge Is Not Required to State a Claim for Willfulness ......................... 15

    C.     Even If Pre-Suit Knowledge Is Required, It Was Adequately Alleged Here ................ 16

VI.    IF NECESSARY, LEAVE TO AMEND SHOULD BE GRANTED .................................... 16

VII.   CONCLUSION ................................................................................................................ 17

I.      INTRODUCTION

American Patents' original complaint in this case alleged that Panasonic infringed seven patents.[1] Panasonic has moved to dismiss the complaint for failure to state a claim of direct and indirect infringement and for failure to state a claim of willful infringement.

Panasonic's challenge to American Patents' direct and indirect infringement allegations should be rejected. As to direct infringement, American Patents alleged infringement of specific claims by specific Panasonic products, providing cites to Panasonic websites showing accused products. American Patents alleged that Panasonic's products meet each element of specific claims. And American Patents identified certain features of the accused instrumentalities involved in the infringement. As to indirect infringement, American Patents plausibly alleged knowledge of the patents both from the filing of the suit and earlier.  American Patents specifically pleaded that Panasonic induced infringement by, among other things, distributing instructions that guide users to use the products in an infringing manner.  And American Patents also specifically pleaded that the accused products have special features that have no substantial use other than uses that infringe the asserted patents, providing examples of such features.  These allegations provide fair notice of American Patents' claims against Panasonic and the grounds on which they rest, thereby putting Panasonic on notice as to what it must defend.

Panasonic's challenge to American Patents' willfulness allegations should also be rejected.  Contrary to Panasonic's arguments, pre-suit knowledge of the asserted patents need not be alleged to state a claim for willfulness.  And even if pre-suit knowledge were required, the complaint sufficiently alleges willfulness.

---

[1] The seven asserted patents are U.S. Patent Nos. 7,088,782 ("the '782 Patent"), 7,310,304 ("the 304 Patent"), 7,706,458 ("the '458 Patent"), 7,373,655 ("the '655 Patent"), 7,934,090 ("the '090 Patent"), 6,004,049 ("the '049 Patent"), and 6,301,626 ("the '626 Patent").

## II.      LEGAL STANDARD FOR MOTIONS TO DISMISS UNDER RULE 12(b)(6)

A motion to dismiss under Rule 12(b)(6) is a "purely procedural question," so the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, such motions "are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

Rule 8(a) requires only a "short plain statement of the claim" sufficient to give the defendant fair notice of what act is being accused. Fed. R. Civ. P. 8(a). In deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded factual allegations as true and interpret the complaint in the light most favorable to the plaintiff. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016). Despite the facial simplicity of these requirements, the Supreme Court explained in *Bell Atl. Corp. v. Twombly* that the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). The plausibility standard, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In general, the standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 545.

A complaint for direct patent infringement "must explicitly plead facts to plausibly support the assertion that a defendant 'without authority, makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-CV-01168-JRG, 2016 WL 7042236, at *2 (E.D. Tex. May 13, 2016).

### III. AMERICAN PATENTS SUFFICIENTLY PLEADED DIRECT INFRINGEMENT

#### A. The Direct Infringement Allegations Meet the Pleading Requirements

American Patents has met the *Twombly* and *Iqbal* pleading requirements to support a plausible claim of direct infringement. Panasonic argues, wrongly, that American Patents has not met those requirements for any of the asserted patents because the infringement allegations do not spell out in detail how claim elements map to the accused products. (Mtn. at 6-7). For example, with respect to the '782 Patent, the '304 Patent, and the '458 Patent, Panasonic argues that "the complaint fails to articulate a coherent theory of how the accused devices meet the elements of the patent claims" and that the complaint does not "explain[] how the elements of the claimed methods or the elements of the claimed apparatus map onto the processes and features of the accused products." *Id*. at 7-9. Likewise, for the '655 Patent and the '090 Patent, Panasonic complains that "the complaint makes no attempt to match [the claims'] component pieces to elements of the accused products." *Id*. at 9. As for the '049 Patent and the '626 Patent, Panasonic argues that "the complaint wholly fails to articulate a theory of how the accused devices meet the elements of the patent claims." *Id*. at 13.

From these arguments, it is apparent that even a probability standard would not satisfy Panasonic, much less the plausibility actually required by *Twombly*. It seems that nothing short of element-by-element infringement contentions *actually proving* infringement would be enough to satisfy Panasonic at the pleadings stage.

But this is not what the law requires. *Uniloc USA*, 2016 WL 7042236 at *2. If an element-by-element analysis were required, the Local Patent Rules requiring infringement contentions would be superfluous. *Id.* While this Court has not announced "a floor for the direct infringement standard," it has held that the pleading requirement is met where the plaintiff: (1)

3

alleges a specific product infringes a specific claim; (2) alleges the product meets all the elements of a specific claim; and (3) incorporates by reference a website illustrating the accused product. *Dynocom Indus. v. Mainline Automotive Equip. Pty. Ltd.*, No. 2:16-cv-00553, Dkt. No. 45, at 4 (E.D. Tex. Feb. 14, 2017).

Here, American Patents has provided all of this, and more. Panasonic cannot credibly claim that it does not know what the claim is and what it has to defend. Indeed, American Patents' allegations against Panasonic go well beyond what this Court found sufficient in *Dynocom*. For instance, as to each of the patents, American Patents has:

(a) alleged that specific Panasonic products infringe specific claims (*see, e.g.*, Dkt. 1 at ¶¶ 12, 13, 26, 27, 38, 39 (identifying the Panasonic Toughbook N1 as a specific product that infringes Claim 30 of the '782 Patent, Claim 1 of the '304 Patent, and Claim 1 of the '458 Patent); ¶¶ 50, 51, 62, 63 (identifying the Panasonic Toughbook T1 and the Panasonic Toughbook N1 as specific products that infringe Claim 5 of the '655 Patent and Claim 1 of the '090 Patent); and ¶¶ 73, 74, 89, 90 (identifying the Panasonic Toughbook T1 and the Panasonic Toughbook N1 as specific products that infringe Claims 1 and 10 of the '049 Patent and Claims 1 and 8 of the '626 Patent));

(b) alleged that those Panasonic products meet each element of specific claims (*see, e.g.*, Dkt. 1 at ¶¶ 14-20, 28-32, 40-44 (allegations regarding each element of Claim 30 of the '782 Patent, Claim 1 of the '304 Patent, and Claim 1 of the '458 Patent); ¶¶ 52-56, 64-67 (allegations regarding each element of Claim 5 of the '655 Patent and Claim 1 of the '090 Patent); and ¶¶ 75-83, 91-99 (allegations regarding each element of Claims 1 and 10 of the '049 Patent and Claims 1 and 8 of the '626 Patent));

(c) incorporated by reference websites illustrating the accused Panasonic products (*see, e.g.*, Dkt. 1 at ¶¶ 12, 19, 26, 31, 38, 42, 50, 62, 73, and 89 (referencing, as sources, https://na.panasonic.com/us/computers-tablets-handhelds/handhelds/handhelds/toughbook-n1, and https://na.panasonic.com/us/computers-tablets-handhelds/handhelds/handhelds/toughbook-t1));

(d) included screenshots to help identify the accused products involved in Panasonic's infringement (*see, e.g.*, Dkt. 1 at ¶¶ 12, 19, 26, 31, 38, 42, 50, 62, 73, and 89 (screenshots of the Panasonic Toughbook N1 and Panasonic Toughbook T1 products and of materials describing them)); and

      (e)      identified features of the accused products involved in Panasonic's infringement (*see, e.g.*, Dkt. 1 at ¶¶ 12, 26, 38, 50, 62, 73, and 89 (identifying "802.11ac and/or LTE capabilities," "allow[ing] for initiation and/or control of Internet streamed content," and "predictive text and other advanced keyboard layout capabilities" of the accused products involved in the infringement)).

As the preceding paragraphs show, American Patents has more than satisfied Rule 8's requirements for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). American Patents is only required to present "enough fact[s] to raise a reasonable expectation that discovery will reveal" that Panasonic is liable for patent infringement. *See Twombly*, 550 U.S. at 556; *see also Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (reversing dismissal of complaint where allegations "specifically identified the three accused products" and alleged that the products "meet 'each and every element of at least one claim'"); *Salazar v. HTC Corp.*, No. 2:16-cv-01096-JRG-RSP, 2018 WL 1310007 at *2 (E.D. Tex. Feb. 14, 2018) ("this Court has previously recognized that an allegation a specific accused product or system infringes a patent is sufficient to meet the pleading requirements of the rules, and a plaintiff need not allege what specific components, features, or capabilities infringe"), *adopted*, 2018 WL 1306615 (E.D. Tex. Mar. 13, 2018).

Panasonic attempts to distinguish the Federal Circuit's decision in *Disc Disease*, arguing that because the technology in the present case is more complicated than the inflatable spinal brace in *Disc Disease*, more detailed infringement allegations are required here. (Mtn. at 11) (citing *Disc Disease*, 888 F.3d at 1260). Even if that were so, the infringement allegations for one patent in *Disc Disease*, which the Federal Circuit held were sufficient, consisted entirely of an attached picture and two paragraphs with little detail:

5

>       14. The infringing acts include, but are not limited to, using, causing to
> be used, making, causing to be made, importing, causing to be imported,
> offering to sell, causing to be offered for sale, selling, and/or causing to be
> sold, products, including an inflatable belt for use with support panels and
> marketed as the "DBB 3500", that *infringe at least one claim of the '113
> Patent* in this judicial district and elsewhere within the United States.
>
>       15. Defendants are liable for infringement of the '113 Patent pursuant
> to 35 U.S.C. § 271. By way of example, and without limitation,
> Defendants products, including the DBB 3500 *meet each and every
> element of at least one claim of the '113 Patent, either literally or
> equivalently*. A non-limiting example of such product is shown in the
> photograph of the packaging of the DBB 3500 attached as Exhibit C.

(Ex. 1, Disc Disease Complaint at ¶¶ 14-15) (emphasis added). Here, as noted above, American Patents has gone above and beyond what was found sufficient in *Disc Disease* by providing over fifty paragraphs of allegations against specific products (with pictures), claims, and claim elements, and by providing notice of features of the accused products involved in Panasonic's infringement. Panasonic cites no authority to support its contention that additional, specific elaboration is required. Panasonic's contrary arguments are nothing more than attempts to force American Patents to prove its case on the pleadings. *See Marking Object Virtualization Intelligence, LLC v. Hitachi Ltd.*, No. 2:16-cv-01055-JRG, Dkt. 88, slip op. at 5 (E.D. Tex. Sep. 25, 2017) ("At this stage in the case, the plaintiff is not required to provide an exposition of his legal argument.") (internal quotes omitted); *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-CV-01168-JRG, 2016 WL 7042236, at *3 (E.D. Tex. May 13, 2016) (concluding that the identification by name of accused products, description of the accused functionality within the products, and the accused functionality were sufficient to support a reasonable inference the defendant was liable for direct infringement of the asserted claims, and that "[r]equiring more would improperly and unfairly elevate the plausibility standard to a probability standard").

### B. Panasonic's Additional Arguments Regarding Direct Infringement Are Unpersuasive

Panasonic appears to argue that the complaint's allegations are insufficient because Panasonic believes it does not infringe—a belief that is, of course, irrelevant at this stage. For example, Panasonic argues that the complaint's allegations regarding the '655 Patent and the '090 Patent are insufficient because "Panasonic does not sell devices possessing the features depicted in the complaint," referring to the Google Home application and the Google Chromecast device. (Mtn. at 16). Panasonic is simply incorrect because Panasonic *does* sell the devices that American Patents *did* accuse, the Panasonic Toughbook T1 and the Panasonic Toughbook N1. And those Panasonic Toughbook T1 and the Panasonic Toughbook N1 products run on the Android operating system, which is specifically designed to work with and stream to Google Chromecast devices (or televisions with built-in Chromecast), whether or not the Google Home application is installed, in a manner that infringes Claim 5 of the '655 Patent and Claim 1 of the '090 Patent.

Panasonic also argues that the complaint's direct infringement allegations as to the '782 Patent, the '655 Patent, the '090 Patent, the '049 Patent, and the '626 Patent are flawed because Panasonic thinks that the only alleged act of infringement was selling. (Mtn. at 13, 14, 16-17). Panasonic says this is a problem because certain of the exemplary claims from those patents in the complaint are method claims, yet the complaint does not "allege that Panasonic itself performed the patented methods with the accused products." *Id*. at 14, 15, 17. Panasonic is wrong for at least two reasons.

First, Panasonic is not just accused of infringement by selling. Rather, the complaint alleges that "Panasonic has infringed" those five patents "by making, having made, *using*, importing, providing, supplying, distributing, selling, *or* offering for sale systems utilizing a

7

method." (Dkt. 1 at ¶¶ 14, 52, 64, 75, 91) (emphasis added). Allegations that Panasonic "uses" the accused products to infringe identified method claims are necessarily allegations that Panasonic performs the methods recited in those claims using the accused products. *See CreAgri, Inc. v. Pinnaclife, Inc.*, 2013 WL 11569, at *2 (N.D. Cal. 2013) (denying motion to dismiss direct infringement claim of a method patent because pleading the use of an accused product was sufficient to imply performance of the claimed method) (citing *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1318 (Fed. Cir. 2009)).

Second, American Patents' infringement allegations are not limited to infringement of method claims. American Patents alleges infringement of the '782 Patent, the '655 Patent, the '090 Patent, the '049 Patent, and the '626 Patent *generally*, not just infringement of the exemplary claims (Claim 30 of the '782 Patent, Claim 5 of the '655 Patent Claim 1 of the '090 Patent, Claims 1 and 10 of the '049 Patent, and Claims 1 and 8 of the '626 Patent). (Dkt. 1 at ¶¶ 12, 13, 22, 23, 50, 51, 58, 59, 62, 63, 69, 70, 73, 74, 85, 86, 89, 90, 101, 102). Those patents include multiple apparatus claims that are infringed by Panasonic's "making, having made, importing, providing, supplying, distributing, selling, or offering for sale" the accused products as well as by Panasonic's use of the accused products. So it makes sense for American Patents to have alleged those infringing acts as well.

**IV.   AMERICAN PATENTS SUFFICIENTLY PLEADED INDIRECT INFRINGEMENT**

American Patents has also plausibly alleged indirect infringement. Panasonic's first argument regarding indirect infringement is a tacked-on claim that "the indirect infringement claims can be dismissed with no further analysis" "[b]ecause Plaintiff's conclusory direct infringement allegations are not sufficiently pled[.]" (Mtn. at 18). But Panasonic has offered no legal or logical support for this proposition. (For example, whether Panasonic directly infringes

8

a patent is an analytically distinct question from whether Panasonic induces its customers to infringe that patent.)  Instead, Panasonic offers only a lone citation to *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993).  (Mtn. at 13).  But Panasonic's proposition does not follow from *Joy Techs*.  At best for Panasonic, the cited portion of *Joy Techs*. stands for the unremarkable proposition that a company cannot be liable for inducing infringement that never came to pass during the patent's term.  6 F.3d at 774-776.  But that case says *nothing* about pleading standards or plausible allegations of indirect infringement, or how those standards might relate to whether a separate claim for direct infringement was properly made.

      Panasonic's next argument is that the complaint's indirect infringement allegations are "threadbare recitals of the elements" that are "supported by mere conclusory statements."[2]  (Mtn. at 18).  For example, Panasonic argues that American Patents has not plausibly alleged inducement because American Patents has not "identif[ied] specific examples or actions taken by Panasonic to advertise, direct, or instruct users to use the accused products in an allegedly infringing fashion."  (Mtn. at 19).  But American Patents specifically pleaded that Panasonic committed acts of inducing infringement, including, for example, "distributing instructions that guide users to use the products in an infringing matter."  (Dkt. 1 at ¶ 103).  That alone is sufficient.  *See, e.g., Cywee Group Ltd. v. Huawei Device Co. Ltd.*, No. 2:17-cv-495, 2018 WL

---

[2] Panasonic also complains of the "generic nature of the indirect infringement allegations" as supposedly demonstrated by their being "copied verbatim in each of the eleven complaints American Patents filed with the Court." (Mtn. at 21).  Panasonic does not cite a single case where a court looks to a complaint in *another* case to decide a 12(b)(6) motion.  Ironically, Panasonic appears to have copied nearly its entire brief, including the paragraph comparing American Patents complaints, from Huawei's brief in a related action.  (*Compare* Mtn. at 18 *with American Patents LLC v. Huawei Device USA, Inc.*, Case No. 4:18-cv-00672-ALM, Dkt. 19 at 16 (E.D. Tex.); *see also* Mtn. at 21 (incorrectly referencing back to "Part V.B." of its brief, where "Part V.B." is the portion of Huawei's brief addressing willful blindness and "Part IV.E.2" is the portion of Panasonic's brief addressing willful blindness)).

9

3819392, *2 (E.D. Tex. Aug. 10, 2018) (Bryson, J., by designation) (holding that allegation that "Huawei provides manuals and instructions . . . and/or provides instructional and support materials on its website that teach and instruct its customers to operate those products in ways that practice the claimed invention" was sufficient to plead induced infringement for period in which Huawei had knowledge of the patents-in-suit); *Swipe Innovations, LLC v. Ingenico Corp.*, No. 9:12-cv-127-RC, 2013 WL 12142379, *3 (E.D. Tex. Jan. 3, 2013) (holding inducement was adequately pleaded by allegations that defendants engaged in the steps of "advising and directing [of] customers [to infringe using accused instrumentalities]," "advertising or promoting the use [of accused instrumentalities to infringe]," and "distributing instructions that guide users to use the [accused instrumentalities to infringe]).

Panasonic next complains about certain inducement facts being plead "in the alternative." (Mtn. at 19). But American Patents is entitled to plead in the alternative, as is any plaintiff. Not surprisingly, Panasonic provides no authority to the contrary. *See Light Transformation Technologies, LLC v. Light Science Group Corp.*, No. 2:12-CV-826-MHS-RSP, 2014 WL 935354, *2 (E.D. Tex. 2014) ("While GE asserts that the use of the phrase[]… 'and/or' render[s] the complaint insufficient under the rules, GE fails to provide any persuasive argument that the law requires that outcome here.")

Next, Panasonic turns to the complaint's allegations of contributory infringement, claiming these allegations are insufficient. (Mtn. at 20-21). Panasonic first argues that American Patents improperly alleges that the accused products have "special features" that have no substantial non-infringing uses. (Mtn. at 20 n.5). According to Panasonic, "the question is not whether the special features meet those requirements but whether the accused devices as a whole meet those requirements." *Id*. That is wrong: The Federal Circuit has made clear that a

special feature of an accused product can indeed be the basis of a contributory infringement claim. *See, e.g., Ricoh Company, Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008) (holding that one cannot "escape liability as a contributory infringer merely by embedding [the infringing component] in a larger product with some additional, separable feature before importing it and selling it"); *see also i4i Limited Partnership v. Microsoft Corp.*, 670 F.Supp.2d 568, 578 n.5 (E.D. Tex. 2009).

Panasonic also argues that American Patents' allegations are "threadbare recitals" of the required elements. (Mtn. at 21). But American Patents specifically pleaded that the accused products have special features that have no substantial use other than uses that infringe American Patents' patents. (Dkt. 1 at ¶ 105). And American Patents provided examples of such special features— improved wireless communication capabilities, initiation and/or control of Internet streamed content, and advanced keyboard layout capabilities—used in a manner that infringes the claims of the patents-in-suit. *Id*. Panasonic says that American Patents only "defin[es] the allegedly infringing component as 'features that infringe,'" which according to Panasonic "does not give fair notice of what the allegedly infringing component is." (Mtn. at 20-21). But American Patents' contributory infringement pleading plainly refers to three specific accused features of the accused products. Panasonic simply ignores that those features were identified earlier in the complaint. *See, e.g.*, Dkt. 1 at ¶ 50 (identifying Panasonic's Toughbook T1 and Toughbook N1 products as examples of Panasonic's "products and/or systems that allow for initiation and/or control of Internet streamed content").

Finally, Panasonic argues that the complaint's indirect infringement allegations as to pre-suit conduct should be dismissed because "the complaint includes no allegations to support a claim of indirect infringement prior to the filing of this suit." (Mtn. at 21-22). But American

11

Patents plausibly alleged that Panasonic was willfully blind to the existence of the asserted patents before the suit was filed, and an allegation of willful blindness is an allegation of knowledge. *See Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770 (2011). As Panasonic acknowledges, American Patents pleaded that Panasonic had "a policy or practice of not reviewing the patents of others (*including instructing its employees to not review the patents of others*), and thus has been willfully blind of American Patents' patent rights" in the pre-suit period. (Mtn. at 22). (emphasis added). American Patents alleged knowledge in the pre-filing period because it believes that discovery will show that Panasonic affirmatively instructed its employees to avoid reading the patents of others.

And American Patents has good reason to believe these allegations: as Professor Mark Lemley has explained, companies like Panasonic are notorious for adopting such policies:

> *Virtually everyone does it*. They do it at all stages of endeavor. Companies and lawyers tell engineers not to read patents in starting their research, lest their knowledge of the patent disadvantage the company by making it a willful infringer. . . . This *intentional ignorance* of patent rights in the hands of others has led some to label major manufacturers in the IT industries "patent pirates."

*See, e.g.*, Ex. 2 at 21-22 [M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008)] (emphasis added).[3] That is sufficient at the pleading stage. *See* Fed. R. Civ. P. 11(b)(3)

---

[3] *See also* Edwin H. Taylor & Glenn E. Von Tersch, *A Proposal to Shore Up the Foundations of Patent Law that the Underwater Line Eroded*, 20 Hastings Comm. & Ent. L.J. 721, 737 (1998) ("As matters now stand many companies discourage employees from reading patents. This presumably lessens the chance that the company will be found to have knowledge of a patent."); Dennis Fernandez, *Move Over Letterman: Top 10 Most Common IP Management Mistakes for New Companies*, Pat. Strategy & Mgmt., July 1, 2003, at 3 ("Additionally, in many cases it may be appropriate for companies, as a matter of policy, to discourage looking at issued patents owned by other entities so as to avoid awareness of potentially infringing patents."); Mark A. Lemley & Ragesh K. Tangri, *Ending Patent Law's Willfulness Game*, 18 Berkeley Tech. L.J. 1085, 1100-01 (2003) ("[I]n-house patent counsel and many outside lawyers regularly advise their clients not to read patents if there is any way to avoid it. What you do know will certainly harm you, they reason, so it is generally better not to know. Thus, from the perspective of a potential infringer, ignorance is bliss."); Timothy B. Lee, *It's Normal for Software*

(allowing allegations of fact on information and belief if they "will likely have evidentiary support after reasonable opportunity for further investigation or discovery").

Indeed, based on the same facts, this Court has previously denied a motion to dismiss the same allegation. *See Script Security Solutions L.L.C. v. Amazon.com, Inc.*, 170 F. Supp.3d 928, 938 (E.D. Tex. 2016) (Bryson, J., by designation) ("Taking all inferences in Script's favor, it has pleaded that defendant took an affirmative action to avoid gaining knowledge of the patents in suit—ignoring all patents as a matter of policy. . . . Script has sufficiently pleaded inducement . . . .") (emphasis added); *but see Nonend v. Apple, Inc.*, Case No. 2:15-cv-00466-JRG-RSP, 2016 WL 1253740, *2-3 (E.D. Tex. Mar. 11, 2016).

## V. AMERICAN PATENTS SUFFICIENTLY PLEADED WILLFULNESS

According to Panasonic, American Patents' willfulness allegations should be dismissed because they supposedly provide only "conclusory assertions" of willful infringement and do not "allege that Panasonic had knowledge of any of the patents prior to the filing of this suit." (Mtn. at 22-24). Panasonic's arguments are wrong—American Patents plausibly alleged willful infringement, and pre-suit knowledge is not required to state a claim for willfulness. And even if pre-suit knowledge were required, American Patents has adequately alleged such knowledge.

Panasonic suggests that American Patents' allegations are flawed because they do not show "egregious" behavior. (Mtn. at 22-23). But whether infringing conduct was sufficiently "egregious" is not an element of willful infringement at all. Instead, "egregiousness" is for the

---

*Companies to Ignore Patents*, Forbes Contributor post (2/27/2012) ("[A]lmost all software companies ignore their competitor's patents."); Tom Krazit, "*Why Tech Companies Want Engineers To Ignore Patents When Designing Products*," Gigaom, Nov. 2, 2011 ("[S]everal companies in the tech industry *actively discourage* their engineers from thinking about whether concepts and products under development might have already been patented . . . .") (emphasis added).

13

court to consider in exercising its discretion to enhance damages after the jury's finding of willfulness. *See Ericsson Inc. v. TCL Communication Tech. Holdings, Ltd.*, 2018 WL 2149736, at *8 (E.D. Tex. 2018) ("the jury must decide whether the infringement was *intentional*, and then the court must decide whether the intentional conduct was *egregious* enough to justify enhanced damages") (emphasis added).

*Halo* did state that enhanced damages awards are meant to be a "sanction for egregious infringement behavior." 136 S. Ct. at 1932. But that does not mean egregiousness is an element of willful infringement. Indeed, "*Halo* emphasized that subjective willfulness alone—i.e., proof that the defendant acted despite a risk of infringement that was either known or so obvious that it should have been known to the accused infringer" is sufficient to establish willfulness and allow the court to consider enhancing damages. *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (internal quotes omitted). For that reason, in *Ericsson* this Court rejected a defendant's challenge to the jury's willfulness verdict specifically because the defendant's "assumption that a jury's willfulness finding cannot stand without egregious or shocking infringement behavior is inconsistent with the Federal Circuit's decision in *Artic Cat*." *Ericsson*, 2018 WL 2149736, at *9.

A. <u>American Patents Plausibly Alleged That Panasonic Intentionally Infringed</u>

American Patents plausibly alleged willful infringement by Panasonic. Willfulness requires proof that the defendant "actually knew or should have known that its actions constituted an unjustifiably high risk of infringement." *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (rejecting challenge to jury instruction on willfulness). The complaint alleged that Panasonic had knowledge of the patents, that Panasonic's customers are directly infringing, and that Panasonic has encouraged (and

14

continues to encourage) them to infringe. (Dkt. 1 at ¶¶ 4-5, 21, 33, 45, 57, 68, 84, 100, 103-108). These allegations are sufficient to state a claim for willful infringement at the pleading stage. *See, e.g., Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp.3d 928, 939 (E.D. Tex. 2016) (Bryson, J., by designation) (rejecting argument that plaintiff failed to plead facts showing that defendants' "actions constituted an unjustifiably high risk of infringement" because plaintiff "has pleaded knowledge of the patent, that defendants' customers are infringing, and that the defendants encouraged this infringement").

        B.     <u>Pre-Suit Knowledge Is Not Required to State a Claim for Willfulness</u>

Panasonic also argues that American Patents' willful infringement allegation is flawed because, according to Panasonic, willful infringement must be based on pre-suit knowledge of the patents. (Mtn. at 23). That is not the law: "there is nothing in *Halo* suggesting that pre-suit knowledge is required for willfulness. . . . Culpability can arise pre- or post-suit." *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00052-JRG-RSP, 2017 WL 1129951, at *4 (E.D. Tex. Feb. 21, 2017), *adopted,* No. 2:16-CV-52-JRG-RSP, 2017 WL 1109875 (E.D. Tex. Mar. 24, 2017); *see also Plano Encryption Tech., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-1032-JRG at 13 (E.D. Tex. Sept. 22, 2017) ("[A]n allegation that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint is sufficient to at least state a claim for willful infringement.").

For these reasons, even if the complaint contained no pre-suit knowledge allegations, American Patents has stated a claim for willfulness by pleading that the complaint put Panasonic on notice of the patents and that Panasonic's infringement is ongoing. (Dkt. 1 at ¶¶ 4-5, 13, 21, 27, 33, 39, 45, 51, 57, 63, 68, 74, 84, 90, 100, 103-108). No more is required. *See, e.g.*, *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 215-CV-1274-JRG-RSP, 2016 WL 4778699, at

15

*7 (E.D. Tex. Aug. 19, 2016) *adopted* No. 2:15-CV-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016) ("The Court also finds the complaint states a claim to post-suit willful infringement… The complaint alleged that despite these facts, the [] Defendants have not ceased their infringing activities."); *see also WordCheck Tech, LLC v. Alt-N Techs., Ltd.*, No. 6:10-cv-457, Dkt. 755, at 3 (E.D. Tex. July 17, 2012) (holding that an allegation of notice of the patents-in-suit and that continued infringement would be willful is sufficient at the pleading stage).

      C.      <u>Even If Pre-Suit Knowledge Is Required, It Was Adequately Alleged Here</u>

Even if Panasonic were correct about the law, Panasonic would still lose because American Patents has adequately pleaded pre-suit knowledge for all of the asserted patents. As Panasonic acknowledges (and as explained in more detail in Section IV, *supra*), American Patents pleaded that Panasonic had "a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of American Patents' rights under the patents." (Mtn. at 24). That is sufficient at the pleading stage. *See* Fed. R. Civ. P. 11(b)(3) (allowing allegations of fact on information and belief if they "will likely have evidentiary support after reasonable opportunity for further investigation or discovery"); *see also Blitzsafe Texas*, 2016 WL 4778699, at *6 (discussing applicability of willful blindness to allegations of pre-suit willful infringement).

## VI.    IF NECESSARY, LEAVE TO AMEND SHOULD BE GRANTED

To the extent that the Court rules that any of American Patents' claims are not adequately pleaded, American Patents requests an opportunity to amend its complaint to address any deficiencies that the Court finds, or, at a minimum, to incorporate its P.R. 3-1 infringement contentions by reference once those are submitted. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *SGIC Strategic Global Inv. Capital, Inc.*

*v. Burger King Eur. GmbH,* 839 F.3d 422, 428 (5th Cir. 2016) (finding an abuse of discretion for the district court's failure to grant leave to amend and explaining "the language of this rule evinces a bias in favor of granting leave to amend, and "[a] district court must possess a substantial reason to deny a request.") (citations and internal quotations omitted). "[T]he Rule 'evinces a bias in favor of granting leave to amend.'" *Potter v. Bexar County Hosp. Dist.*, 195 Fed. App'x 205, 208 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.*

## VII. CONCLUSION

For the foregoing reasons, the Court should deny Panasonic's Motion.

Dated: January 23, 2019

Respectfully submitted,

/s/ *Zachariah S. Harrington*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP

>4306 Yoakum Blvd., Ste. 450
>Houston, TX 77006
>(713) 581-3000
>
>Stafford Davis
>State Bar No. 24054605
>sdavis@stafforddavisfirm.com
>Catherine Bartles
>Texas Bar No. 24104849
>cbartles@stafforddavisfirm.com
>THE STAFFORD DAVIS FIRM, PC
>The People's Petroleum Building
>102 N College Ave., 13th Floor
>Tyler, Texas 75702
>(903) 593-7000
>
>*Attorneys for American Patents LLC*